FROEHLE, LIVINGSTON & ROTH, APPELLANT, *v.* STAN SMITH ENTERPRISES, INC. ET AL.; TRACY, APPELLEE.

(No. 9569 — Decided March 4, 1986.)

*William L. Bowen,* for appellant.
*Logan & Davis* and *Ronald G. Logan,* for appellee.

BROGAN, P.J. Froehle, Livingston & Roth, appellant, is a firm of certified public accountants which had performed services for defendant Stan Smith Enterprises, Inc. ("Smith") for which Smith did not pay. Smith operated a meat processing/packing and retail sales business at premises located in Miamisburg, Ohio and Middletown, Ohio. Smith sold various assets of this business to N. Joseph Tracy, appellee, and the remainder to Dale Zink and Zink Meat Markets, Inc. ("Zink").

Appellant filed suit against Smith, appellee and Zink seeking, *inter alia,* to set aside the transfer as being a "bulk transfer" as defined in R.C. 1306.01[1]

---

[1] R.C. 1306.01 provides as follows:

"(A) A 'bulk transfer' is any transfer in bulk and not in the ordinary course of the transferor's business of a major part of the

which otherwise did not comply with the requirements of R.C. Chapter 1306. On July 29, 1985, appellant dismissed its case against Zink with prejudice. The case then proceeded to trial to the court on that day.

On July 31, 1985, the trial court filed its decision and judgment entry. The court in essence found that appellant had failed to prove the value of Smith's assets transferred to appellee, the value of Smith's assets transferred to Zink, and whether Smith "has or had assets of any other kind or at any other location. Upon this state of the record it would be pure speculation, or equally the forbidden inference upon an inference, for the court to conclude that the assets transferred to * * * [appellee] were a 'major part' or 'substantial part' of * * * [Smith's] entire assets. * * * [Appellant] has thus failed in proof of a crucial element of the claim for relief pursuant to R.C. Chapter 1306." Accordingly, the trial court dismissed appellant's complaint with prejudice.

Appellant timely appealed setting forth two assignments of error. The first of these states as follows:

"The trial court erred to the prejudice of the Plaintiff by finding that the Plaintiff failed to prove by preponderance of the evidence that the Defendant, Stan Smith Enterprises, Inc., transferred a major part of the materials, supplies and merchandise of the business enterprise."

In support of this assignment, appellant argues that as the evidence was undisputed that Smith transferred a major part of its materials, supplies and merchandise, the court erred in finding as it did. To support its contention that this evidence was undisputed, appellant has presented a two-page excerpt of the transcript of the proceedings taken from the cross-examination of Stan Smith. The question and answer relied upon by appellant are the following:

"Q. * * * Would you agree that you transferred a majority or a major part of the materials and supplies and merchandise of the business as reflected here, the location? * * *

"A. Yes."

Additionally, appellant sets forth in its brief portions of the agreement for Purchase and Sale of Assets ("sales agreement") between Smith and appellee. Appellant further states that the above question was in reference to the sales agreement. Appellant argues that this evidence proves by a preponderance of the evidence that the sale was a "bulk transfer" under R.C. 1306.01.

While the record before us would be sufficient to affirm a determination by the trial court that appellant had proven its case by a preponderance of the evidence, see *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, at 80, it is not sufficient to reverse the trial court's determination that it had not. We have nothing more than appellant's assertion that its evidence was undisputed. Appellant has chosen not to present us with the entire transcript of proceedings so that we may indepen-

---

materials, supplies, merchandise, or other inventory as defined in section 1309.07 of the Revised Code, of an enterprise subject to sections 1306.01 to 1306.09 of the Revised Code.

"(B) A transfer of a substantial part of the equipment as defined in section 1309.07 of the Revised Code, of such an enterprise is a bulk transfer if it is made in connection with a bulk transfer of inventory, but not otherwise.

"(C) The enterprises subject to sections 1306.01 to 1306.09 of the Revised Code, are all those whose principal business is the sale of merchandise from stock, including those who manufacture what they sell, or whose principal business is a restaurant or other food-service establishment.

"(D) Except as limited by section 1306.02 of the Revised Code, all bulk transfers of goods located within this state are subject to sections 1306.01 to 1306.09 of the Revised Code."

dently determine whether or not this judgment was against the manifest weight of the evidence. The judgment is entitled to a presumption of validity. Appellant has failed to affirmatively demonstrate error.

Accordingly, the assignment of error is not well-taken.

Appellant's second assignment of error states:

"The trial court erred to the prejudice of the Plaintiff in finding that the sale of all inventory at one of the transferor's location [*sic*] was not a major part 'because it represented only a part of the total assets of the transferor.' O.R.C. Section 1306.01."

In essence, appellant argues that Smith operated its business as separate enterprises and that it sold the assets of one enterprise, meat processing, to Zink and the assets of the other enterprise, retail meat sales, to appellee; and, therefore, the sale to appellee of all the assets used for retail meat sales constitutes a " 'bulk transfer' * * * of a major part of the materials, supplies, merchandise, or other inventory * * * of an enterprise" so as to bring the transaction under R.C. Chapter 1306. Accordingly, any other assets of Smith were irrelevant to the question of whether the sale to appellee constituted a bulk transfer under R.C. 1306.01. We disagree.

A bankruptcy court referee was faced with a similar situation in *In re Albany Brick Co.* (D.C. Ga. 1972), 12 U.C.C. Rep. Serv. 165. There, the bankrupt was a brick manufacturer with three locations. It sold all of its inventory from one location to a purchaser. The trustee in bankruptcy sought to void the transfer as a bulk transfer in violation of the state's enactment of Article 6 of the Uniform Commercial Code ("U.C.C."), which corresponds to R.C. Chapter 1306. The court found that "enterprise" means the entire operation and not just one location, *id.* at 167, and that "major part" means greater than fifty percent, *id.* at 166. Under this interpretation, the court determined that the sale was not a bulk transfer under the U.C.C.

Applying the same interpretations to the present case, we believe that the trial court could find that the "enterprise" consisted of the entire meat operation, both processing/packaging and retail sales; thus, the trial court could not exclude the sale to Zink and focus only on the sale to appellee. This belief is based largely on the fact that Smith engaged in both meat processing and sales at the one location and sales only at the other location, as opposed to engaging exclusively in the one activity at the one location and exclusively in the other activity at the other location. The court did not "fail to see the forest for the trees."

Without evidence of the values of the various assets transferred to the separate buyers plus the value of Smith's other assets, if any, the trial court could not find that a "major part" of Smith's assets covered by R.C. Chapter 1306 had been transferred to appellee. As with the first assignment of error, absent an affirmative showing of error, the judgment cannot be reversed.

This assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

WILSON and WOLFF, JJ., concur.